UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JULIE REICHENBACH, on behalf of
herself and all others similarly situated

    Plaintiff,

v.                                                   Case No:   2:17-cv-212-FtM-29MRM

HEALTHCARE CONSULTANTS
ALLIANCE LLC and LARRY BEUER,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is the Joint Motion to Approve Settlement (Doc. 9) and Settlement Agreement (Doc. 9-1) filed on May 25, 2017. The parties request that this Court approve their settlement of their Fair Labor Standards Act ("FLSA") claims. After review of the parties' submissions, the Undersigned recommends that the parties' motion be granted in part and denied in part.

To approve the settlement of an FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first way, under 29 U.S.C. § 216(c), provides for the Secretary of Labor to supervise payments of unpaid wages owed to employees. *Id.* at 1353. The second way, under 29 U.S.C. § 216(b), is by a lawsuit brought by employees against their employer to recover back wages. *Id.* When employees file suit, the proposed settlement must be presented to the District Court for its review and determination that the settlement is fair and

reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit:

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

In this action, Plaintiff alleges that Defendants failed to compensate her for all hours worked. (Doc 1 at ¶ 24). Specifically, Plaintiff alleges that she was not properly paid overtime wages for her "on call" work. (*Id.* at ¶¶ 25-26). Additionally, Plaintiff contends that she performed overtime work during the regular forty-hour workweek but was only paid for forty (40) hours regardless of the hours actually worked. (*Id.* at ¶ 28). Defendants deny any liability. (Doc. 9-1 at 1). Based on these contentions, the Undersigned finds that a *bona fide* dispute exists between the parties.

Even though a *bona fide* dispute exists between the parties, the parties decided to settle this matter to avoid the uncertainties and expense of litigation. (Doc. 9-1 at 1). The parties agreed to a settlement of $2,800.00 to resolve the unpaid overtime wages claims. (*Id.*; Doc. 9-1 at 1). Of this total, the sum of $1,400.00 is for back wages and an additional amount of $1,400.00 is for liquidated damages. (Doc. 9 at 2; Doc. 9-1 at 1).

The Undersigned has reviewed the Settlement Agreement (Doc. 9-1) and finds that the terms of the Settlement Agreement are reasonable as to the amounts for unpaid overtime wages.

Additionally, Defendants agree to pay $2,500.00 in attorney's fees and costs. (*Id*. at 2). The amount of attorney's fees and costs were agreed upon separately, and without regard to the amount paid to Plaintiff. (Doc. 9 at 3).

As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." In *Bonetti*, Judge Presnell concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id*.

In the instant case, a settlement was reached, the full terms were adequately disclosed, and the attorney's fees were represented to be agreed upon without compromising the amount paid to Plaintiff. Moreover, the Settlement Agreement (Doc. 9-1) appears reasonable on its face, with the sole exception of the mutual non-disparagement and neutral reference provisions discussed below. Thus, the Undersigned finds no reason to deny the Motion on this ground, *provided* that the mutual non-disparagement and neutral reference provisions are stricken from the Settlement Agreement for the reasons set forth below.

The Court notes that the Settlement Agreement contains "Mutual Non-Disparagement" and "Neutral Reference" clauses, which are problematic. (Doc. 9-1 at 2 ¶¶ 6-7). A number of jurists in this District have expressed the view that non-cash concessions by an employee affect both the "fairness" and "full compensation" components of a settlement, and thus requires its own fairness finding. *See Jarvis v. City Elec. Supply Co.*, No. 6:11-cv-1590-Orl-22DAB, 2012 WL 933057, at *5 (M.D. Fla. Mar. 5, 2012), *report and recommendation adopted*, 2012 WL 933023 (M.D. Fla. Mar. 20, 2012). For instance, "[c]ourts within this circuit routinely reject . . . non-disparagement clauses contained in FLSA settlement agreements because they thwart Congress's intent to ensure widespread compliance with the FLSA." *Ramnaraine v. Super Transp. of Fla., LLC*, No. 6:15-cv-710-Orl-22GJK, 2016 WL 1376358, at *3 (M.D. Fla. Mar. 28, 2016), *report and recommendation adopted*, No. 6:15-cv-710-ORL-22GJK, 2016 WL 1305353 (M.D. Fla. Apr. 4, 2016) (quoting *Pariente v. CLC Resorts & Devs., Inc.*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Nov. 14, 2014)). Additionally, this Court has previously noted that "provisions in a FLSA settlement agreement that call for . . . prohibiting disparaging remarks contravene FLSA policy and attempt to limit an individual's rights under the First Amendment." *Housen v. Econosweep & Maint. Servs., Inc.*, No. 3:12-CV-461-J-15TEM, 2013 WL 2455958, at *2 (M.D. Fla. June 6, 2013) (citing *Valdez v. T.A.S.O. Props., Inc.*, No. 8:09-cv-2250-T-23TGW, 2010 WL 1730700, at *1 n.1 (M.D. Fla. Apr. 28, 2010), which held that FLSA settlement agreements including non-disparagement provisions "contemplate judicially imposed 'prior restraint[s]' in violation of the First Amendment").[1]

---

[1] Although the above-cited cases do not specifically discuss "Neutral Reference" clauses as contemplating a judicially imposed prior restraint in violation of the First Amendment, the Undersigned finds that the "Neutral Reference" provision in this case logically leads to the same conclusion—*i.e.*, that the "Neutral Reference" clause limits the parties' rights under the First Amendment.

Notwithstanding this line of cases, however, other courts have approved non-cash concessions such as non-disparagement clauses in FLSA settlement agreements where they have been negotiated for separate consideration or where there is a reciprocal agreement that benefits all parties. *Bell v. James C. Hall, Inc.*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5339706, at *3 (M.D. Fla. Aug. 16, 2016), *report and recommendation adopted*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5146318, at *1 (M.D. Fla. Sept. 21, 2016); *Smith v. Aramark Corp.*, No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014).

Upon review, here, the Undersigned notes that the parties' briefing does not discuss whether the "Mutual Non-Disparagement" and "Neutral Reference" clauses are enforceable or whether these provisions were negotiated for separate consideration. Because the parties' briefing does not address these issues, the Undersigned cannot conclude that the inclusion of these provisions in the Settlement Agreement represents a fair and reasonable resolution of the parties' FLSA disputes.

Nevertheless, this Court has previously approved settlement agreements while striking certain unacceptable or unenforceable provisions of a settlement agreement. *Housen*, 2013 WL 2455958, at *2; *Ramnaraine*, 2016 WL 1376358, at *4. For instance, in *Ramnaraine*, this Court – citing the parties' severability clause – struck the offending non-disparagement and confidentiality clauses from the agreement, but otherwise approved the FLSA settlement. 2016 WL 1376358, at *4. Similarly, in this case, the striking of the offending provisions does not affect the remainder of the Settlement Agreement because the agreement contains a severability clause. *See id.* The severability clause expressly states:

> Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, unethical or unenforceable, the legality, validity and enforceability of the remaining parts, terms, or provisions of this Agreement shall not be affected thereby, and said illegal, unenforceable,

unethical or invalid part, term, or provision shall be deemed not to be part of this Agreement.

(Doc. 9-1 at 3 ¶ 12). Based on the severability clause, the Undersigned finds that the parties' Settlement Agreement may be approved even with the striking of the "Mutual Non-Disparagement" and "Neutral Reference" clauses. *See Ramnaraine*, 2016 WL 1376358, at *4.

In sum, the Undersigned recommends that the Settlement Agreement be approved by the Court as a "fair and reasonable resolution of a *bona fide* dispute" of the FLSA issues, but further recommends that the Court strike the "Mutual Non-Disparagement" and "Neutral Reference" clauses from the Agreement.

Accordingly, the Undersigned hereby **RESPECTFULLY RECOMMENDS**:

1) That the Joint Motion to Approve Settlement (Doc. 9) be **GRANTED IN PART** and **DENIED IN PART**.

2) That the Settlement Agreement (Doc. 9-1) be approved by the Court as a "fair and reasonable resolution of a *bona fide* dispute" of the parties' FLSA issues, but that the Court strike the "Mutual Non-Disparagement" and "Neutral Reference" clauses from the agreement.

3) That if the District Court adopts this Report and Recommendation, then the Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Fort Myers, Florida on June 19, 2017.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties